UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LOYD NEWBY | CIVIL ACTION NO. 3:11-cv-0627 |
|     LA. DOC # 111110 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| EAST CARROLL PARISH | |
| SHERIFF'S DEPARTMENT, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Loyd Newby, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 19, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana; however, he complains that he was stabbed in the leg by a corrections officer on September 29, 2010, while he was incarcerated at the East Carroll Parish Detention Center (ECDC). He sued the East Carroll Sheriff's Department, Sheriff Mark Shumate, Warden Ronnie Harris and Corrections Officer A. G. Lewis, praying for damages totaling $100,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

On September 29, 2010, plaintiff was returned to ECDC after a court appearance at the East Carroll Parish Courthouse. The transport officer, Officer A.G. Lewis, brought plaintiff into the "intake room" to remove the restraints used when transporting prisoners out of the prison compound.

After the handcuffs were removed, Lewis instructed plaintiff to kneel in a chair so that the plastic leg restraints could be removed.  Lewis used a pocket knife that he had on his person to cut the plastic restraints from plaintiff's ankle.  As he was so engaged, Lt. Shawn Lee entered the room, observed Lewis's actions and cautioned Lewis that he should not use the knife as it exposed the inmate to the risk of stabbing. Lewis apparently ignored Lee and continued to cut the restraints. According to plaintiff, "the knife slipped and ended up stabbing me in the back upper part of my left leg." Plaintiff began to bleed from the wound; he  was escorted to the nurse's station where "Newskin"[1] was applied to the wound.

The wound was photographed and plaintiff gave a statement to Lewis's superiors. The following morning plaintiff was taken to Dr. Bailey's office where he received a tetanus shot and ibuprofen for pain.  Dr. Bailey opined that plaintiff should have been seen immediately after receiving the wound to avoid infection.[2] According to plaintiff, Lewis should not have been in possession of a pocket knife at the prison; and, he should have heeded Lt. Lee's cautionary advice.

On October 26, 2010, plaintiff submitted a prison administrative remedies grievance outlining the facts set forth above and demanding that Lewis "be brought to justice for breaking [prison] rules..." and charged with Second Degree Aggravated Battery. He also demanded that he

---

[1] New-Skin® Liquid Bandage is a first aid product to help prevent bacterial contamination in minor cuts and scrapes. The liquid, which contains an antiseptic, when applied to a cut or scrape dries rapidly to form a protective cover that is antiseptic, flexible, and waterproof. See http://www.newskinproducts.com/en/Products/Liquid_Bandage.aspx

[2] Notwithstanding Dr. Bailey's concerns, it does not appear that the wound became infected.  Plaintiff did not allege that the wound was infected when he filed his grievance on October 26, 2010, nor did he mention an infection in his original complaint filed on April 19, 2011, or his amended complaint filed on May 12, 2011.

not be retaliated against for filing the grievance, that he not be transferred pending the resolution of this matter, and that he be compensated for pain and suffering. His original complaint filed on April 19, 2011, and his amended complaint filed on May 12, 2011 sought only money damages totaling $100,000.

### Law and Analysis

#### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

3

they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Plaintiff has alleged specific facts in support of his claim for relief and has specifically alleged the basis of his claim for relief. Further amendment would serve no useful purpose.

## 2. Defendants

Plaintiff sued the East Carroll Sheriff's Department, Sheriff Mark Shumate, Warden Ronnie Harris and Corrections Officer A. G. Lewis.  However, the East Carroll Sheriff's Department is not a proper defendant since it is not an entity capable of being sued. *Cozzo v. Tangipahoa Parish Counsel*, 279 F.3d 273, 283 (5th Cir.2002) (citing *Porche v. St. Tammany Parish Sheriff's Office*, 67 F.Supp.2d 631, 635 (E .D.La.1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit")); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D.La.2001) (the "Parish Sheriff's Department" is not a proper party defendant because "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff.") Plaintiff fails to state a claim for which relief may be granted with regard to his complaint against the Sheriff's

Department.

It also appears that plaintiff has sued Sheriff Shumate and Warden Harris in their supervisory capacities.  However, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Plaintiff has alleged no personal involvement on the part of Sheriff Shumate and Warden Harris; nor does it appear that Lewis was acting in accordance with policy set by either the Sheriff or Warden.  In fact, plaintiff implies that Lewis was in violation of policy when the incident occurred.  It therefore appears that plaintiff seeks to hold the Sheriff and Warden vicariously liable for the acts of their subordinate, Officer Lewis; and thus he fails to state a claim for which relief may be granted with regard to these defendants.

### 3. Deliberate Indifference

Plaintiff's claim against Lewis requires additional analysis. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of

state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[3] Plaintiff implies that his right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment, were violated in this instance. A state-actor, such as Corrections Officer Lewis,  may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety but only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* Mere negligence is not a basis for liability under § 1983. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir.1990); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir.1987).

Plaintiff has candidly alleged that  the knife wielded by Lewis "... slipped and ended up stabbing [him] in the back upper part of [his] left leg."  It thus appears that plaintiff faults Lewis for negligence and thus fails to state a claim for which relief may be granted.

That does not end the inquiry, however, because plaintiff also implies deliberate indifference by alleging that Lewis disregarded the cautions given by his superior officer. However, read liberally, plaintiff's complaint does not establish deliberate indifference. According to his grievance, Lewis had already "... started cutting the plastic band from around [plaintiff's] ankles..." when "Lt. Shawn Lee entered into the room and [saw Lewis] doing this and told him that he shouldn't be using a

---

[3] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

pocket knife because he could [stab plaintiff]..." but Lewis "continued on and then the knife slipped and ended up stabbing [plaintiff]..."  Plaintiff implies that by virtue of Lee's warning, Lewis "should have known" the danger posed to plaintiff.  However, deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendant should have known of a substantial risk; he must have actual knowledge of the risk and must thereafter have ignored it.  In other words, a civil rights plaintiff must allege and ultimately prove that the defendant knew of and then disregarded an excessive risk of injury to him, and that he was both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed and that he actually drew that inference. *Id.* at 837.  Clearly,  Lewis "should have known" of the risk of some harm to plaintiff; however, that fact is insufficient to establish deliberate indifference.

Finally, as noted previously, state actors may be liable under Section 1983 for disregarding "a substantial risk of serious harm."  Here, the facts alleged do not establish that plaintiff was exposed to a substantial risk or suffered serious harm. The stab wound was apparently closed with New Skin® shortly after plaintiff sustained the injury. Plaintiff was seen by a physician within one day of the incident, and, although the physician was concerned about the risk of infection, it does not appear that his concerns ever materialized.  Further, plaintiff did not allege that the wound was so serious as to require sutures or treatment beyond that which was provided at the prison.

In short, plaintiff's complaint fails to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Plaintiff has not shown that he is entitled to relief pursuant to 42 U.S.C. §1983 and

Case 3:11-cv-00627-RGJ-KLH   Document 7   Filed 06/16/11   Page 8 of 8 PageID #:  36

therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, June 16, 2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8